IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-026-GCM-DCK

| | |
|---|---|
| **CHERYL A. RICHARD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| | ) |
| **NANCY A. BERRYHILL,** | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Defendant's Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" (Document No. 11) be <u>granted</u>; that "Defendant's Motion For Summary Judgment" (Document No. 15) be <u>denied</u>; and that the Commissioner's decision be <u>vacated</u>.

## I. BACKGROUND

Cheryl A. Richard ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about March 24, 2015, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning October 8, 2014, which was later amended to January 1, 2015. (Transcript of the Record of Proceedings ("Tr.") 26, 188, 318). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on

June 25, 2015, and again after reconsideration on October 23, 2015. (Tr. 26, 114, 125). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. Medical evidence received in our office indicates that you have a history of the above conditions. Despite your pain and discomfort, you are able to sit, stand, walk, and move your arms without significant loss of control or muscle weakness. While your emotional condition may cause you some concern, you are able to think, reason, and act on your own behalf. The medical evidence does not indicate that you have a condition that can be considered totally disabling at this time.
> We do not have sufficient vocational information to determine whether you can perform any of your past relevant work. However, based on the evidence in file, we have determined that you can adjust to other work.
> It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 125).

Plaintiff filed a timely written request for a hearing on December 15, 2015. (Tr. 26, 134-136). On May 11, 2016, Plaintiff appeared and testified at a hearing before Administrative Law Judge Benjamin R. McMillion (the "ALJ"). (Tr. 26, 49-86). In addition, Karl S. Weldon, a vocational expert ("VE"), and David Childers, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on June 9, 2016, denying Plaintiff's claim. (Tr. 23-41). On June 14, 2016, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 5, 2016. (Tr. 1-5, 18). The ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on January 23, 2017. (Document No. 1). On February 1, 2017, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 11) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 12) were filed July 10, 2017; and "Defendant's Motion For Summary Judgment" (Document No. 15) and "Defendant's Memorandum In Support Of Motion For Summary Judgment" (Document No. 16) were filed October 5, 2017; and "Plaintiff's Response To Defendant's Motion For Summary Judgment" (Document No. 17) was filed on October 19, 2017.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between January 1, 2015, and the date of his decision.[1] (Tr. 26). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 40-41).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since January 1, 2015, her alleged disability onset date. (Tr. 28). At the second step, the ALJ found that "chronic chest strain; status post double mastectomy and revision surgeries; lymphedema in both arms and chest; anxiety; post-traumatic stress disorder (PTSD); and depression were severe impairments."[2] (Tr. 28). At the third step, the ALJ determined that

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 29).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work, with the following limitations:

> she is limited to frequent climbing of ramps and stairs; no climbing of ladders, ropes, or scaffolds; frequent balancing, stooping, kneeling, crouching, and crawling; frequent not constant reaching in all directions; and simple routine tasks.

(Tr. 31). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p." Id. At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a CNA. (Tr. 39).

At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 40). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a mail clerk, a cashier, and an office helper. (Tr. 40, 82-83). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between January 1, 2015, and the date of his decision, June 9, 2016. (Tr. 41).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to explain why limitations in medical opinions he gave great weight to were not included in the RFC; (2) the testimony of the VE conflict with the DOT; and (3) the ALJ failed to adequately explain the weight given to a treating medical opinion. (Document No. 12, p.5). The undersigned will discuss each of these contentions in turn.

A.     **RFC Determination**

In the first assignment of error, Plaintiff argues that the ALJ failed to sufficiently explain the basis for the RFC finding because medical opinions he gave great weight to are not included in the RFC. (Document No. 12, p.6). Plaintiff notes that the ALJ gave "great weight to Dr. Wood's and Dr. Mayeda's opinions that the claimant can perform a reduced range of light work despite her impairments." Id. (citing Tr. 38) (citing 87-97, 99-112). The ALJ then stated that "they both opined she required **limitations in reaching – only occasionally** in front and/or laterally and overhead with both extremities…." Id. (citing Tr. 38, 108) (emphasis added). But, Plaintiff notes that the RFC finding provides that she is limited to "**frequent** not constant reaching in all directions." Id. (citing Tr. 31) (emphasis added). Plaintiff contends that this inconsistency between the State agency consultants' opinions and the ALJ's RFC determination regarding occasional or frequent reaching requires remand. (Document No. 12, pp.6-7). Moreover, she contends that "[t]his error is not harmless" because all three jobs identified by the VE require frequent reaching. (Document No. 12, p.7).

In response, Defendant asserts that the ALJ's statement that Dr. Woods and Dr. Mayeda limited Plaintiff to occasional reaching was incorrect with regards to Dr. Woods, and also possibly with regard to Dr. Mayeda. (Document No. 16, p.5).

Defendant notes that "Dr. Woods explicitly opined that Plaintiff could do frequent reaching (Tr. 94), which is consistent with the ALJ's RFC finding (Tr. 31)."[3]  On this issue, the record shows Dr. Woods' opinion on June 25, 2015:

> **Explain manipulative limitations and how and why the evidence supports your conclusions. Cite specific facts upon which your conclusions are based (include the extent to which the function**

---

[3]  The RFC states that Plaintiff is limited to "frequent not constant reaching in all directions." (Tr. 31).

7

> **can be performed - e.g., constant, frequent, occasional, never, etc.):**
>
> > frequent but not constant reaching due to double mastectomy and revision with residual scar tissue adhesions and pain

(Tr. 94).

Defendant goes on to question what Dr. Mayeda's opinion really was:

> Dr. Mayeda opined that Plaintiff could do "occasional not constant reaching" (Tr. 108), which would seem to conflict with the ALJ's RFC finding. However, being that Dr. Mayeda precluded Plaintiff only from constant reaching, it would appear that Plaintiff could perform frequent reaching. In other words, it is likely that Dr. Mayeda meant to write "*frequent* not constant reaching." Although Plaintiff may challenge this interpretation of Dr. Mayeda's opinion, the Commissioner submits that it is a reasonable interpretation, and appears to be how the ALJ understood Dr. Mayeda's opinion, being that the ALJ clearly found that Drs. Woods and Mayeda were of the same opinion regarding Plaintiff's ability to reach (*see* Tr. 38, 2nd paragraph).

(Document No. 16, p.6).

On October 15, 2015, Dr. Mayeda specifically responded to the same questionnaire as Dr. Woods, as follows:

> **Explain manipulative limitations and how and why the evidence supports your conclusions. Cite specific facts upon which your conclusions are based (include the extent to which the function can be performed - e.g., constant, frequent, occasional, never, etc.):**
>
> > occasional not constant reaching due to double mastectomy and revision with residual scar tissue adhesions and pain

(Tr. 108).

The undersigned finds further support for Defendant's interpretation in the hearing testimony. In the hypothetical to the VE, the ALJ posed a limitation to "frequent but not constant

8

Case 1:17-cv-00026-GCM-DCK   Document 18   Filed 02/26/18   Page 8 of 12

reaching in all directions," which is consistent with his ultimate RFC finding, the opinion of Dr. Woods in the record, and arguably, the opinion of Dr. Mayeda. (Tr. 31, 83, 94, 108).

The undersigned agrees that there is insufficient cause for remand based on this alleged error. It appears to the undersigned that the alleged error is at worst a scrivener's error by the ALJ while summarizing Dr. Woods' and Dr. Mayeda's opinions. (Tr. 38).

B.  **Vocational Testimony**

Next, Plaintiff challenges the ALJ's purported reliance on testimony from the VE that conflicts with the Dictionary of Occupational Titles ("DOT"). (Document No. 12, pp.8-16). As noted above, the RFC limits Plaintiff to "simple routine tasks." (Tr. 31). Based on the VE's testimony, the ALJ then determined that Plaintiff "would have been able to perform the requirements of representative occupations such as (1) mail clerk . . . (2) a cashier . . . and (3) officer helper….." (Tr. 40). Moreover, the ALJ opined that the VE's testimony "is consistent with the information contained in the Dictionary of Occupational Titles. The undersigned finds that this was a sufficient number of jobs." Id.

Now, Plaintiff contends that the jobs of mail clerk and cashier present an apparent conflict with the DOT and the limitation to simple routine tasks. (Document No. 12, p.10). According to Plaintiff, both these jobs "have a reasoning level of '3.'" (Document No. 12, p.11). Plaintiff notes that some courts have found an apparent conflict between jobs requiring reasoning level "3" and a limitation to simple routine tasks. (Document No. 12, pp.12-15) (citations omitted). In addition, Plaintiff suggests there may be a conflict between the job of office helper and a reasoning level of "2" or "3" and an RFC limitation to simple, routine, repetitive tasks. (Document No. 12, pp.14-15). Plaintiff concludes that a remand is in order for an ALJ to further explain the apparent conflicts. (Document No. 12, p. 15).

9

In response, Defendant concedes that the jobs of mail clerk and cashier "appear to conflict with the ALJ's hypothetical question to the VE (and RFC finding)." (Document No. 16, p.6). However, Defendant disputes any conflict regarding the job of office helper, and asserts that the VE testified that there were a significant number of office helper jobs in the national economy. (Document No. 16, p.7).

The undersigned finds Defendant's position to be less than convincing. Moreover, the Fourth Circuit held in one of the decisions relied on by Plaintiff held that

> Social Security Ruling 00–4p provides that the ALJ "has an affirmative responsibility to ask [a VE] about any possible conflict between [his] evidence and ... the DOT." SSR 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000). Thus, the ALJ must ask the VE if his testimony conflicts with the DOT and, if the evidence appears to conflict, the ALJ must "obtain a reasonable explanation for the apparent conflict." *Id.* The ALJ must resolve the conflict before relying on the VE's testimony and must explain the resolution of the conflict in his decision. *Id.*

Henderson v. Colvin, 643 Fed.Appx. 273, 277 (4th Cir. 2016).

Here, there is no indication that the ALJ asked the VE about any possible conflicts or attempted himself to address any conflicts. See (Tr. 40, 82-85). Based on this short-coming, as well as the Commissioner's acknowledgement that at least two of the three jobs identified by the VE and ALJ present an apparent conflict, the undersigned finds that this matter should be remanded for further review. See Henderson, 643 Fed.Appx. at 277.

**C.     Medical Opinion**

Finally, Plaintiff argues that the ALJ erred in his consideration of the opinions of Plaintiff's treating oncologist, Dr. Spina. (Document No. 12, pp.16-21). The undersigned is not entirely persuaded by Plaintiff's final argument; rather, the ALJ appears to adequately explain why he gave Dr. Spina's opinions less weight. (Tr. 34-36). Nevertheless, because the undersigned has

10

already decided to recommend remand, upon remand, an ALJ should carefully review all of Plaintiff's alleged errors.

## IV. CONCLUSION

The undersigned is not persuaded that substantial evidence supports the Commissioner's decision. See Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated and that this matter be remanded for further consideration.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 11) be **GRANTED**, to the extent Plaintiff moves for remand; "Defendant's Motion For Summary Judgment" (Document No. 15) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be remanded for further consideration.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 26, 2018

David C. Keesler
United States Magistrate Judge